**Craig P. NADEL, Plaintiff–Appellant,**

v.

**Will ISAKSSON, Defendant–Appellee.**

No. 00–7462.

United States Court of Appeals,
Second Circuit.

May 8, 2001.

Martin B. Pavane, Cohen, Pontani, Lieberman & Pavane, New York, NY, for appellee.

Jonathan C. Moore, New York, NY, for appellee.

Present LEVAL, SACK, Circuit Judges, and PATTERSON,* District Judge.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal be DISMISSED.

Plaintiff Craig P. Nadel brought suit claiming entitlement to half the royalties received by defendant Will Isaksson for a toy licensed by him to Hasbro. Nadel alleged that the toy, a jumping remote-controlled vehicle, was developed from an earlier invention that was subject to a royalty sharing agreement between him and Isaksson. Isaksson maintained that the jumping toy was a new toy, which he developed by himself and which was not developed from the earlier invention covered by the royalty sharing agreement. The jury found that the jumping toy was not "new," and thus returned a verdict in Nadel's favor. After the entry of judgment, Isaksson made a timely motion for judgment as a matter of law, or in the alternative, for a new trial. The district court ruled in Isaksson's favor. It overturned the verdict, concluded that the jumping toy was new, and granted a new

---

trial limited to other issues. Nadel appealed.

Nadel contends *inter alia* that, nothwithstanding that the district court has not yet entered final judgment, this court has jurisdiction to hear his appeal because the district court exceeded its jurisdiction by granting a partial new trial beyond the time period set by Fed.R.Civ.P. 59(d). We disagree. Isaksson made his motion for judgment as a matter of law or, in the alternative, a new trial within the ten-day time period mandated by Fed.R.Civ.P. 59. The district court acted within its power in deciding the motion. Whether or not the ruling Nadel challenges was correctly decided, it is an interlocutory order over which we have no jurisdiction, and we must therefore dismiss his appeal. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

However, we note that the district court's opinion is somewhat confusing. At one point in its opinion, in the course of its discussion of defendant Isaksson's motion for judgment as a matter of law under Fed.R.Civ.P. 50(b), the district court appears to decide that the record does *not* justify judgment as a matter of law that the toy was new. Later in the opinion, however, in the course of its discussion of Isaksson's motion for a new trial under Fed.R.Civ.P. 59, the court "find[s] as a matter of fact and law that the Jumping Toy is a 'new' toy," and that the jury's contrary finding was "clearly erroneous." It goes on to order a new trial limited to other issues.

We think the district court should clarify its decision. If the court believes the evidence before the jury was legally sufficient to permit a finding that the jumping toy was not new, then it should not have entered judgment as a matter of law that the toy was new. (It might nonetheless have granted Isaksson's motion for a new trial if it found that the jury's verdict was contrary to the weight of the evidence.) If, on the other hand, the court believes that there was no legally sufficient basis for the jury's finding, then the defendant is entitled to judgment as a matter of law that the toy was new. (The court would remain free to grant a new trial, as it did, limited to issues that were not decided by either the jury or as a matter of law by the court.)

The appeal is dismissed.